## In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-3321

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

MICHAEL D. WEIR,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division.
No. 2:10-cr-00007-JMS-CMM-27—**Jane E. Magnus-Stinson**, *Judge*.

ON PETITION FOR REHEARING AND REHEARING EN BANC—
JANUARY 9, 2013

Before POSNER, ROVNER and SYKES, *Circuit Judges*.

On December 14, 2012, defendant-appellant filed a petition for rehearing and petition for rehearing *en banc*. All the judges on the original panel have voted to deny the petition for rehearing and no judge in regular active service asked for a vote on the petition for rehearing *en banc*.* The petition is therefore DENIED.

---

* Circuit Judge John Daniel Tinder did not participate in the consideration of this petition for rehearing *en banc*.

ROVNER, *Circuit Judge*, concurring in the denial of re-hearing. Michael D. Weir complains that his Fourth Amendment rights were violated when a police officer seized $6,655 from him during a traffic stop. Because his trial counsel never objected to the seizure or to the introduction of evidence obtained as a result of the seizure, our review is for plain error. *United States v. Kelly*, 519 F.3d 355, 361 n.1 (7th Cir. 2008).

To briefly review the facts of the seizure, the officer stopped the car because Weir, a front-seat passenger, was not wearing his seat belt. The officer immediately ascertained that the driver lacked valid registration documents or proof of insurance for the car. She possessed only an open title. She told the officer that the license plates came from a different car, although she could not say where they came from. On this basis, the officer decided to impound the car. He ordered the other passengers out of the vehicle and asked them if they possessed any weapons. At this point, Weir told the officer that he had a pocketknife. The officer conducted a pat-down search and removed the small pocketknife from the pocket of Weir's trousers. Up to this point, Weir has no viable objection to the legitimate traffic stop or the officer's routine *Terry* pat-down for a weapon that Weir conceded he possessed.

But in the course of the pat-down, the officer also felt an object in Weir's pocket that he immediately believed was a large sum of money. R. 74-15, Tr. at 671. Although we have repeatedly held that mere possession of a large amount of cash does not justify seizure of the money as contraband or evidence of a crime, *see United States v.*

*Moreland*, 2012 WL 5992122, *8 (7th Cir. Dec. 3, 2012), the officer removed the money from Weir's pocket, counted it, and seized it. As the traffic stop progressed, the officer and other backup officers determined both that the car had been reported stolen and that there were digital scales in the car that could be characterized as drug paraphernalia. The driver of the car was therefore arrested and charged with possession of drug paraphernalia and possession of stolen property. But Weir was allowed to leave the scene. R. 74-15, *passim*. The driver, though, later implicated Weir in a drug conspiracy, claiming that the money in his pocket was the proceeds of drug transactions. This led to Weir's arrest, and Weir then implicated himself further. None of this would have happened, Weir complains, if the officer had not wrongfully seized the cash from his pocket.

I agree with Weir that the officer did not have probable cause to seize the cash at the time the officer effected the seizure.

> A warrantless seizure of an object is justified if: "(1) the officer was lawfully present in the place from where he viewed the item, (2) the item was in plain view, and (3) its incriminating nature was 'immediately apparent.' " *United States v. Cellitti*, 387 F.3d 618, 623 (7th Cir. 2004). "For the incriminating nature to be immediately apparent, the officer must have probable cause to believe that the item is contraband or otherwise linked to criminal activity." *Id.* at 624.

*United States v. Schmidt*, 700 F.3d 934, 938, 39 (7th Cir. 2012). It is difficult to discern from the record the sequence

and timing of the events as they unfolded during the traffic stop and subsequent search of the car. The record is simply undeveloped on when the officers learned that the car was reported stolen, and when they discovered the digital scales relative to when they seized the money from Weir. The most reasonable reading of the officer's testimony is that the officer seized the cash before knowing that the car was stolen or that there was drug paraphernalia in the car. The officer also testified that he did not know to whom the scales belonged. That Weir was allowed to leave when the driver was arrested for possessing the scales and the stolen car demonstrates that the officers did not, at that time, tie the scales or the car to Weir. In any case, the only theory advanced by the government to justify the seizure was that the contraband nature of the money was "immediately apparent" when the officer felt the object in Weir's pocket.

The panel opinion (*Moreland*, 2012 WL 5992122, at *8) rightly rejects that rationale on the basis of a long line of cases holding that money alone is not contraband. The incriminating nature of cash is not immediately apparent unless there is some additional evidence connecting that cash to criminal activity; thus only some evidence establishing such a nexus could have justified the warrantless seizure of that money. The opinion concludes that the officers could seize the money because Weir was the passenger in a stolen car, and because they later discovered the digital scales in that car. But at the time the officer seized the cash, the officer had no evidence connecting Weir or the cash to criminal activity. That the officer later learned that the car was stolen and that it con-

tained drug paraphernalia cannot retroactively justify the seizure.

We assess probable cause for a seizure at the time the seizure occurred. *See Anderer v. Jones*, 385 F.3d 1043, 1051 n.11 (7th Cir. 2004) (we review probable cause determinations based on the information available to the police officer at the time of the arrest). And to my mind, Weir's presence in the car is simply not enough to give rise to probable cause. Reasonable suspicion, perhaps—and thus grounds to continue questioning Weir under *Terry*—but not probable cause to seize the cash.

I concur in the denial of rehearing, however, because it was not the seizur*e* of the cash *per se* that initiated the chain of events that incriminated Weir. It was the *discovery* of the cash that led to Weir's downfall, and Weir has no viable objections to the events leading to the discovery of the cash. Once the officers knew that Weir possessed a large sum of money, they had a basis to ask the driver about Weir's possible involvement in any drug-related activity. The driver would have implicated Weir whether or not the police physically possessed the cash they discovered in his pocket. The driver cooperated with the government in order to procure a lighter sentence for herself; it is doubtful that she cared whether the police were holding the cash when they asked her about Weir. Weir would have been arrested and would have further implicated himself. That chain of events would have been no different whether the cash was seized or simply discovered. The evidence used to convict Weir would have been virtually identical.

The officer testified at trial regarding the money found in Weir's pocket. So inconsequential was the physical stack of cash that the government never sought to introduce it as evidence at trial.

So even if the seizure of the cash was error, it was not plain error. Before we will reverse for plain error, we must find (1) that there is error, (2) that it is plain, and (3) that it affects substantial rights. *United States v. Thornton*, 642 F.3d 599, 605 (7th Cir. 2011). "Once these three conditions have been met, we may exercise our discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. James*, 464 F.3d 699, 709 (7th Cir. 2006). The defendant bears the burden of establishing that the error affected substantial rights by demonstrating that the outcome probably would have been different without the error. *Id*. As I have just demonstrated, the outcome would have been the same whether or not the officer seized the cash. Once the cash was legitimately discovered, *alea iacta est*. I therefore concur in the denial of the petition for rehearing, but I do not endorse the rationale used in the opinion to justify the seizure.